Catron, Ch. J.
delivered the opinion of the court.
First, as to the effect of the decree. By the act of 1787, ch. 22, sec. 2, it is enacted, “that in all cases where decrees may have been made in any suit in equity in any of the courts of this State, or shall thereafter be made for any sum or sums of money, it shall, and may be lawful for execution to issue thereon against the defendant’s body, or against his goods and chattels, lands and tenements, to satisfy such d'ecrefe, (and lands and tenements, goods and chattels, shall.be bound by such decree and execution in the same manner as lands and tenements, goods and chattels/are by judgments in law), and costs, in the same manner as executions may or shall issue in the courts of law.”
The decree of Battle against Clark, therefore, had the force of a judgment at law. Does a judgment at law overreach an alienation made by the execution debtor" after the judgment rendered, and before the execution comes to the sheriff’s hands.
The relation of executions has so often been before this court, that we will not repeat what has been heretofore said on the subject. That the statute of frauds, 29 Car. II. is not in force here, or was it ever in North Carolina, has been declared in. almost every case treating on liens and executions for forty years. We, therefore, must be governed by the common law, in the case before us; and by the common law, the goods of the debtor are bound from the time the execution is awarded; but the difficulty with us has been when, this was done. This court, in Johnson vs. Ball, (1 Yerg. 292), held, that to award was to adjudge, to give any thing by judicial sentence; that our judgments in terms award execution; and that to this date at least, the execution tested as of the term at which the judgment was rendered relates, by the English and American authorities. In Preston vs. Surgoine, (Peck’s R. 80) the same rule is recognized. The *532 court declare that the execution bound the debtor’s property from its test; and if he died after the judgment rendered, but before the execution came to the sheriff’s hands, yet no proof could be heard or inquiry made as to this fact, if the execution was tested before the death, and the judgment was before.
In the 31 of Elizabeth, (Cro. E, 174), it was holden, that if a fieri facias be directed to make execution of goods, and after the test of the writ, and before the sheriff executes it, the party sells the goods bona fide, they can be taken in execution; for by the award, the goods are bound, so that they may be taken in execution in whose hands soever they come. Cro. E, 440: 2 Bac. Ab. 733: and 10 Vin. Ab. 566, are to the same effect. Suppose a sale had been made by the sheriff, by virtue of Battle’s judgment, and Bering had sued the purchaser in detinue for the slave. The purchaser would have, relied upon the decree, which ordered execution to issue, and on the fi. fa. issued in pursuance of the decree, and bearing even date with it and the purchaser’s title, by relation, must have been holden to have vested when the execution creditor’s right to satisfaction vested, which was when execution was awarded him by the decree, (2 Hay. 245).
Since the decision of this court in Preston vs. Surgoine, in 1823, (Peck, 80), no discretion is left to the court; we dare not hold that no lien is fixed until the execution is actually taken out of the clerk’s office. The judgment was had against Surgoine in May; on the 14th of August he died; and on the 16th, Preston took out his execution. The cause was argued and advised upon. Judge''White delivered an opinion, that the fi. fa. did not bind the goods of Surgoine, and could not be executed by the sheriff disregarding the death, and that the execution should be quashed. But the other three judges held, that in case of personals, if a. fieri facias issue after the death of defendant, tested as of the term preceding his *533 death, it binds the goods, and they are in custodia legis, not in the hands of the executor. Haywood, Peck and Brown, concurring. And this is in accordance with the opinion' of Judge Haywood, as expressed in 1795, in Winstead vs. Winstead, (2 Hay. 246). Tile, decision pursues the common law authorities, (10 Vin. Ex. A. a. 566: 2 Ld. Ray, 849), and the opinion of the majority of the court determines that the common law is unaltered by our statute, requiring clerks and sheriffs to endorse on process'the time of its issuance by the clerk, and delivery to the sheriff.
That the statute of Charles II. declaring no execution should form a lien on personals so as to defeat bona fide purchasers, &c. is the safer rule, we think true; but the legislature has not so declared, and it is the duty of this court to administer the law as it is found to exist. The decree of the circuit court must, therefore, be reversed, and the bill dismissed.
Decree reversed.